**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 48**

Docket Nos. CH-1221-09-0288-C-2
CH-1221-09-0288-C-3

**John E. Burke,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

June 23, 2014

John E. Burke, Saline, Michigan, pro se.

G.M. Jeff Keys, Esquire, Saint Louis, Missouri, for the agency.

Gina M. Ozelie, Milwaukee, Wisconsin, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed petitions for review of two compliance initial decisions that denied his petitions for enforcement and found that the agency had not materially breached the parties' 2009 settlement agreement. We JOIN these cases because they are interdependent and doing so will expedite their processing without adversely affecting the parties' interests. 5 C.F.R. § 1201.36(a)(2). For the reasons discussed below, we DENY the appellant's petitions for review. We MODIFY the compliance initial decision in MSPB

Docket No. CH-1221-09-0288-C-3 to dismiss as moot the appellant's petition for enforcement concerning the removal of a reprimand from his Official Personnel File (OPF). In all other respects, the compliance initial decisions are AFFIRMED.

## BACKGROUND

¶2 The appellant filed an individual right of action (IRA) appeal with the Board in January 2009 alleging several retaliatory personnel actions. *Burke v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-09-0288-W-1 (W-1 Appeal), Initial Appeal File (IAF), Tab 1. In October 2009, the parties entered into a settlement agreement resolving the appeal. W-1 Appeal, IAF, Tab 74. The settlement agreement provided, inter alia, as follows: the agency agreed to rescind the reprimand issued to the appellant in August 2007 and to expunge any copy of the reprimand or reference thereto from the appellant's OPF and any other agency record system. *Id.* at 4. The agency also agreed that it would not (1) provide any negative or adverse information relating to the appellant's conduct or performance prior to the effective date of the settlement agreement, or (2) disclose the conduct cited in the August 17, 2007 reprimand to any prospective employer or hiring official. *Id*. at 5. In addition, the agency agreed, inter alia, to assign the appellant to a GS-15 IT Project Manager Position at a new duty station in Michigan, allow him to telework from his new duty station, pay his permanent change of station moving costs, give him a guaranteed buyout option benefit, and pay him a relocation allowance, bonus, and performance award. *Id*. at 4-5. In exchange, the appellant agreed, inter alia, to withdraw his IRA appeal and to waive all rights to process his IRA appeal and related claims in any forum. *Id*. at 5. Both parties agreed to waive any claim or action that either party might have against the other as of the effective date of the agreement and to enter the settlement into the record for enforcement by the Board. *Id*. at 5.

¶3    The administrative judge issued an initial decision dismissing the appeal as settled and entering the agreement into the record for enforcement purposes. W-1 Appeal, IAF, Tab 75, Initial Decision (W-1 ID). The administrative judge found that the settlement agreement was lawful on its face, that the parties had freely entered into the agreement and understood its terms, and that the agreement met the criteria for inclusion in the Board's record. W-1 ID at 2. Neither party filed a petition for review, and the initial decision dismissing the appeal as settled became final in December 2009. *See* W-1 ID at 3.

¶4    The appellant filed his first petition for enforcement in June 2010, alleging that the agency breached the settlement agreement by failing to initiate the guaranteed home buyout within 30 days of executing the settlement agreement. *Burke v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-09-0288-C-1 (C-1 Appeal), IAF, Tab 1. The administrative judge issued a compliance initial decision denying the first petition for enforcement, finding that the agreement did not require the buyout to be initiated within 30 days. C-1 Appeal, IAF, Tab 16, Initial Decision. The appellant filed a petition for review of that compliance initial decision, C-1 Appeal, Petition for Review (PFR) File, Tab 1, but the Board denied the appellant's petition by final order in July 2011, *id.*, Tab 7. Thus, the appellant's first petition for enforcement is no longer before the Board.

¶5    The appellant filed his second petition for enforcement in November 2012. *Burke v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-09-0288-C-2 (C-2 Appeal), IAF, Tab 1. He alleged that the agency violated the settlement agreement by distributing a training slide to agency managers that depicted conduct similar to that which formed the basis for the proposed reprimand the appellant raised in his IRA appeal. *Id.* at 4-9. In the course of investigating the appellant's allegation of a breach, the agency discovered that the August 2007 reprimand had not been removed from his OPF as required under the settlement agreement. By letter dated February 5, 2013, the agency informed the appellant

that it had removed the reprimand on January 10, 2013. C-2 Appeal, IAF, Tab 12 at 6-7. Upon learning of the delayed removal of the reprimand from his OPF, the appellant attempted to add that claim to his pending compliance proceeding. C-2 Appeal, IAF, Tab 15. However, the administrative judge instructed the appellant to file a new petition for enforcement to raise additional claims of breach. C-2 Appeal, IAF, Tab 17, Initial Decision (C-2 ID) at 2 n.1. The administrative judge issued a compliance initial decision denying the appellant's second petition for enforcement, finding that the training slide did not violate the settlement agreement. C-2 ID at 2-5.

¶6     The day after the administrative judge denied the second petition for enforcement, the appellant filed his third petition for enforcement, alleging that the agency breached the settlement agreement by failing to remove the reprimand from his OPF until January 2013 and by taking several "personnel actions" against him because of his Board activity and the settlement agreement. *Burke v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-09-0288-C-3 (C-3 Appeal), IAF, Tab 1. The appellant also alleged that he had new evidence relating to the training slide that was the subject of his second petition for enforcement. In addition, he alleged that the agency violated the agreement by reassigning him to a lower-graded position in December 2010. *Id.* The administrative judge issued a compliance initial decision denying the third petition for enforcement. C-3 Appeal, IAF, Tab 17, Initial Decision (C-3 ID). She found that, although the agency's compliance with the agreement regarding the removal of the reprimand from the appellant's OPF was delayed, the agency had complied with that provision of the agreement. C-3 ID at 4-5. She also found that the appellant had not established a breach of the settlement agreement in connection with any alleged retaliatory personnel actions. C-3 ID at 5-7. The administrative judge considered the appellant's alleged new evidence regarding the training slide, but she again found that the training slide did not violate the settlement agreement. C-3 ID at 8-9. Finally, she found that the settlement

agreement did not prevent the agency from reassigning the appellant to the lower-graded position more than a year after the effective date of the settlement agreement.  C-3 ID at 9.

¶7    The appellant has filed petitions for review of the initial decisions denying his second and third petitions for enforcement.  C-2 Appeal, PFR File, Tab 1; C-3 Appeal, PFR File, Tab 1.  The agency has responded in opposition to the petition for review regarding the third petition for enforcement.[1]  C-3 Appeal, PFR File, Tab 5.  The appellant has filed a reply.  C-3 Appeal, PFR File, Tab 6.

## ANALYSIS

¶8    A settlement agreement is a contract, and, as such, will be enforced in accord with contract law.  *Allen v. Department of Veterans Affairs*, [112 M.S.P.R. 659](), ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011).  The Board will enforce a settlement agreement which has been entered into the record in the same manner as a final Board decision or order.  *Id*.  Where the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance.  *Id*.  The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence.  *Id*.

Although the agency materially breached the settlement agreement by failing to remove the reprimand from the appellant's OPF within a reasonable time, the agency is now in compliance and there is no further relief available to the appellant.

¶9    Although the agency agreed in October 2009 to remove the August 2007 reprimand from the appellant's OPF, W-1 Appeal, IAF, Tab 74 at 4, the agency

---

[1] The appellant argues that the agency's November 18, 2013 response to his petition for review was untimely because the filing deadline was November 16, 2013.  C-3 Appeal, PFR File, Tab 6 at 4.  However, the original deadline fell on a Saturday, and, pursuant to 5 C.F.R. § 1201.23, the filing deadline was extended to Monday, November 18, 2013.  We therefore find that the agency filed a timely response to the appellant's petition.

acknowledged that the reprimand remained in the appellant's OPF until January 2013, more than 3 years after the effective date of the settlement agreement, C-2 Appeal, IAF, Tab 12 at 6-7. The agency discovered and addressed its noncompliance regarding the reprimand on its own and there is no indication in the record that the appellant or anyone else saw the reprimand in his OPF after the execution of the settlement agreement. However, the fact that the agency eventually removed the reprimand from the appellant's OPF does not mean that there was no breach. *See Mullins v. Department of the Air Force*, 79 M.S.P.R. 206, ¶¶ 8-9 (1998) (finding that the agency breached a settlement agreement by waiting more than a year to remove documents from the appellant's personnel records).

¶10    We also recognize that the settlement agreement did not specify a deadline by which the agency was required to remove the reprimand from the appellant's OPF. However, when a settlement agreement is silent as to the time of performance, a reasonable time under the circumstances will be presumed. *Eagleheart v. U.S. Postal Service*, 110 M.S.P.R. 642, ¶ 11 (2009). We find that the agency's delay of more than 3 years in removing the reprimand from the appellant's OPF was not reasonable under the circumstances. *See Mullins*, 79 M.S.P.R. 206, ¶¶ 8-9 (although the settlement agreement did not specify a deadline for the agency's removal of information from the appellant's personnel records, he had the right to expect that the agency would meet its end of the bargain before a year was over); *Graff v. Department of the Air Force*, 39 M.S.P.R. 639, 643-44 (1989) (30 days was a reasonable time, under the circumstances, for the agency to comply with the requirement to expunge performance data from the appellant's official personnel record).

¶11    A breach of a settlement agreement is material when it relates to a matter of vital importance or goes to the essence of the contract. *Kitt v. Department of the Navy*, 116 M.S.P.R. 680, ¶ 11 (2011). In his IRA appeal, the appellant identified the August 2007 reprimand as one of the personnel actions that the

agency allegedly took against him in retaliation for making protected disclosures. C-2 Appeal, IAF, Tab 1 at 11-12. The settlement agreement specifically called for the agency to rescind the reprimand and remove all references thereto from his OPF. W-1 Appeal, IAF, Tab 74 at 5. We therefore find that the removal of the reprimand from the appellant's OPF went to the essence of the contract and that the agency's failure to timely remove the reprimand was therefore a material breach of the agreement. *See Kitt*, 116 M.S.P.R. 680, ¶¶ 2-3, 9, 11 (finding that the agency materially breached a settlement agreement by retaining a record of the appellant's removal despite a provision in the agreement requiring it to change the removal to a 30-day suspension). Because the agency breached a material provision of the settlement agreement, the appellant is not required to establish that the breach caused him actual harm. *See Mullins*, 79 M.S.P.R. 206, ¶ 11 (the breach was material not because it resulted in a monetary loss but because the breached provision was material to the agreement).

¶12 When one party commits a material breach of a settlement agreement, the other party ordinarily is entitled to either enforce the settlement agreement or to rescind it and to reinstate his appeal. *Kitt*, 116 M.S.P.R. 680, ¶ 12. If a settlement agreement is rescinded, the settlement terms become inoperative, and the parties are essentially restored to the status quo ante. *Eagleheart*, 110 M.S.P.R. 642, ¶ 15. An appellant who chooses to rescind a settlement agreement risks losing any benefits he received under the agreement. *Id.*

¶13 In this case, the benefits the appellant received included not only significant financial benefits but also reassignment to a position in another state. W-1 Appeal, IAF, Tab 74 at 4-5. The appellant has made clear that he is unwilling to give up those benefits in order to continue pursuing his IRA appeal. C-3 Appeal, IAF, Tab 1 at 5. Therefore, the Board cannot order rescission of the settlement agreement and reinstatement of the IRA appeal. The Board also cannot order enforcement of the agreement concerning the removal of the reprimand because the reprimand is no longer in the appellant's OPF. Therefore,

there is no meaningful relief the Board can provide, and the appellant's petition for enforcement regarding the removal of the reprimand from his OPF is moot. *See Bables v. Department of the Army*, 86 M.S.P.R. 171, ¶¶ 19-20 (2000) (dismissing a petition for enforcement as moot despite the agency's delayed compliance in purging a document from the appellant's file).[2]

The administrative judge otherwise correctly denied the appellant's petitions for enforcement.

¶14    For the first time on review, the appellant argues that the agency's actions constituted bad-faith noncompliance with the settlement agreement. C-3 Appeal, PFR File, Tab 1. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that the appellant based the argument on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not established a basis for considering his argument raised for the first time on petition for review. Moreover, for the reasons set forth below, we find that his argument does not provide a basis for reversing the initial decision even if it were properly before us.

¶15    It is well-settled that implicit in any agreement, as under other contracts, is a requirement that the parties fulfill their respective contractual obligations in good faith. *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 323 (1995). A party may breach a settlement agreement by acting in bad faith concerning a settlement term, and an appellant may establish that an agency

---

[2] On review, the appellant asks the Board to order the agency to designate the name of the person responsible for future compliance issues, in the event that the reprimand suddenly reappears in his OPF. C-3 Appeal, PFR File, Tab 1 at 7. As a current federal employee, the appellant can view an electronic copy of his OPF at any time. *See* C-3 Appeal, PFR File, Tab 5 at 7. If the appellant's future review of his OPF reveals any offending documents, he may file a new petition for enforcement. *See Bables*, 86 M.S.P.R. 171, ¶ 20.

breached the settlement agreement by showing that the agency's post-settlement harassment and retaliation against the appellant constituted bad-faith noncompliance with a term of the agreement. *Id.* at 323-24. "Bad faith" is not simply bad judgment or negligence but instead implies conscious wrongdoing because of dishonest purpose or moral obliquity. *See Silva v. U.S. Postal Service*, 59 M.S.P.R. 268, 272 (1993) (quoting Black's Law Dictionary (6th Ed.), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). The Board may only consider the appellant's allegations that the agency's post-settlement actions constituted retaliation for filing and settling his Board appeal to the extent that his allegations pertain to the alleged breach of the settlement agreement.[3] *See Kuykendall*, 68 M.S.P.R. at 322.

¶16    We find insufficient evidence to establish that the agency's actions were retaliation constituting bad-faith noncompliance with the parties' settlement agreement. The appellant did not submit any independent documentation, such as statements by witnesses, to support his allegations of retaliation. In addition, the appellant did not prove that the agency's actions implied the conscious doing of wrong because of dishonest purpose or moral obliquity, even considering the agency's delayed compliance with the requirement to remove the reprimand from his OPF. *See Silva*, 59 M.S.P.R. at 272.

¶17    We also agree with the administrative judge that the appellant failed to show that the agency's use of the training slide breached the parties' settlement agreement. As the administrative judge correctly held, C-2 Appeal, C-2 ID at 4,

---

[3] The Board has held that it lacks jurisdiction to address claims of reprisal or other prohibited personnel practices in a compliance case. *See Fitzpatrick v. Department of Justice*, 91 M.S.P.R. 556, ¶ 12 (2002). The Board's authority to enforce a settlement agreement is limited to determining whether either party has breached the settlement agreement. *Kuykendall*, 68 M.S.P.R. at 329. Thus, to the extent that the appellant is alleging that the agency committed prohibited personnel practices under 5 U.S.C. § 2302(b), we will not consider such claims in this compliance proceeding. *See id.*

the agreement does not prohibit the agency from using a picture of an unidentified man standing on a chair touching ceiling tiles to demonstrate "mistakes to avoid" in training materials, and the Board will not imply terms into a settlement agreement where, as here, the agreement is not ambiguous, *see Dunn v. Department of the Army*, 100 M.S.P.R. 89, ¶ 9 (2005).

¶18     On review, the appellant also argues that the administrative judge committed procedural error by failing to issue a close of the record order in connection with his second petition for enforcement. C-2 Appeal, PFR File, Tab 1 at 8-9. It appears from the record that the administrative judge failed to establish a date on which the record would close. *See* 5 C.F.R. § 1201.58(b) (in a Board appeal in which no hearing is held, the record closes on the date the judge sets as the final date for the filing of submissions of the parties). However, an administrative judge's alleged procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). We find no evidence that the administrative judge's failure to notify the appellant of the record closing date precluded him from submitting additional evidence during the 7-month period between his initial submission and the issuance of the compliance initial decision regarding his second petition for enforcement. The appellant submitted several pleadings in support of his second petition for enforcement before the administrative judge issued her compliance initial decision. *See* C-2 Appeal, IAF, Tabs 5, 12, 15-16. We therefore find that any procedural error by the administrative judge was not harmful.

¶19     On review, the appellant reasserts many of the arguments he raised in his petitions for enforcement, but he offers no new or material evidence of noncompliance. The appellant also argues that the administrative judge failed to accord proper weight to his pleadings because he electronically signed and submitted them using the e-filing process. C-3 Appeal, PFR File, Tab 1 at 5. We

find no evidence that the appellant's use of the Board's e-filing system affected the administrative judge's analysis of his petitions for enforcement.

¶20     Therefore, we AFFIRM the compliance initial decisions regarding all of the appellant's claims other than the agency's failure to timely remove the reprimand from his OPF.

## ORDER

¶21     This is the final decision of the Merit Systems Protection Board in these appeals.     Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.